Margaret M. J. Mangan, J.
This is a proceeding pursuant to article 78 of the Civil Practice Law and Rules, formerly of the Civil Practice Act, to review and annul an order of the respondent who failed to decide an application for a hardship increase, which pursuant to the statute is deemed denied. The application was filed on January 5, 1962. Tenants’ answers were filed not later than January 29, 1962. It was not until February 13, 1963, that for the first time the petitioners were informed to submit certain additional information with respect to changes in earned income and operating expenses which occurred since the filing of the application. On petitioners’ refusal to supply the information, the district director denied the application, on March 26,1963. Petitioners had claimed that the determination should be made on the original application in which the 1 ‘ test year” ended October 31, 1961, and that subsequent changes should not be considered. On protest, the respondent again notified the petitioners to submit the said information — - again it was refused.
No decision was rendered by the respondent, but on July 15, 1963, petitioners were requested to extend the time for such determination for almost an additional two months, which they denied. Before determining the merits of this application, the court must state that if the administrative delay, in this proceeding, is not unconscionable, it is at least inordinate.
More than 13 months elapsed, before petitioners were asked to supply the additional information. And after over 18 months the respondent had failed to render a decision, and never did. Such delay should not be tolerated and should be corrected by the respondent as it is highly prejudicial to applicants in these matters.
*158 The court finds that it is proper for the respondent to consider substantial changes which occurred subsequent to the “ test year ’ ’ and the- filing of the application. However, in such situation, fairness would dictate, that not only should changes be considered where income has gone up and expenses down, but where the converse is true. Accordingly, this application is granted to the extent that the matter is remitted to the respondent for prompt determination, after consideration of all changes and consideration of the fact that due to respondent’s delay the petitioners have been deprived of income, if they are entitled thereto, for over 21 months. If the petitioners elect not to submit all the information requested and all changes in expenses and income, the application is denied.